DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  | No. 3:05-cr-0115-JWS |
| ) | |
| Plaintiff,  ) | **GOVERNMENT'S TRIAL** |
| ) | **MEMORANDUM** |
| v.  ) | |
| ) | |
| SANDRA ELAINE MITCHELL,  ) | |
| ) | |
| Defendant.  ) | |
| _____  ) | |

## I. INTRODUCTION

Trial in this case is set to commence on Wednesday, February 15, 2006. The government believes that the trial of this case will take at most, two full trial days.

I.  **Charges and Elements of the Offenses**

The defendant is charged with one felony offense set forth in the indictment as follows:

| COUNT | OFFENSE CHARGED |
|---|---|
| 1 | POSSESSION WITH INTENT TO DISTRIBUTE-<br>Vio. 21 U.S.C. § 841 (a)(1)& (b)(1)(B) |

The elements of the charged offense are as follows:

Possession of a Controlled Substance (Methamphetamine) with intent to distribute in violation of sections 841 (a)(1) & (b)(1)(B) of the United States Code:

*First,* the defendant knowingly possessed Methamphetamine; and

*Second,* that the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was Methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction. 9th Cir. Model Jury Instructions § 9.13

## II.   STATEMENT OF THE CASE

### A.   Case Summary

This case involves the unlawful, and intended possession of well in excess of 50 grams of methamphetamine by the defendant.

### B.   Statement of Facts

At trial, the government will prove, beyond a reasonable doubt, that on or about December 10, 2005, the defendant was found by Anchorage police in the backyard of a citizen who called the Anchorage police after 10 p.m. to report a strange woman in his yard acting in a bizarre manner. The police arrived, and at first thought that they had a mental health or medical case, but upon detaining her, concluded that she possessed approximately 12 ounces of methamphetamine. After finding the controlled substance in a bag the defendant was carrying while looking for any clue to her identity or medication that she may have been taking,

the officers placed her under arrest, and she was ultimately charged as indicated in the indictment.

**C.   Witnesses**

At trial, the government will call some or all of the following witnesses:

1. Some of the local, state and federal law enforcement officers who were involved in the investigation of this case;

2. Mr. Kevin Thomas, the homeowner who called the police to report the "strange lady" in his backyard;

3. A chemist employed by the United States Drug Enforcement Administration Forensic Lab in San Francisco, California, who will testify about the nature of the substance seized from the parcel (Methamphetamine) and the net weight of the substance (aproximately 12 ounces-the DEA lab report is not yet available as of the date the trial brief is due to be filed to state the exact amount of methamphetamine and its quality);

At the time of the brief filing, the government anticipates calling approximately 5or 6 witnesses in its case-in-chief.

**D.   Exhibits**

The government will offer some or all of the following exhibits at trial:

1. The lab report, upon hearing the testimony of the DEA chemist;

2. Numerous photos;

3. The representative sample of the methamphetamine seized, since the substance is extremely dangerous to maintain in its original form for trial purposes;

## III.  LEGAL / EVIDENTIARY ISSUES

### A.  Expert Witness Testimony

#### 1.  General Standards

Expert opinions are admissible if they will assist the trier of fact to understand the evidence or determine a fact in evidence.  Rule 702, Fed. R. Evid. Expert opinions, as opposed to testimony by summary witnesses, may be based on facts or data not admissible into evidence.  Rule 703, Fed. R. Evid.  It is anticipated that the testimony of Detective Kurt Kornchuk will be offered as an expert in street drugs, to include street values, how much a person who uses would possess, verses the amount a person would posses if they were intending to distribute the substance.  Information is being provided to the defense regarding the detective's knowledge, experience, and training regarding methamphetamine in both Alaska and other states.

An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704. The court has broad discretion to determine whether to admit expert testimony. <u>United States v. Andersson</u>, 813 F.2d 1450, 1458 (9th Cir. 1987); <u>United States v. Binder</u>, 769 F.2d 595, 601 (9th Cir. 1985).

//

//

//

The Ninth Circuit also has held that the district court is not required to hold a pretrial hearing to determine whether this type of expert testimony is admissible, but rather, may decide the issue when the witness takes the stand during the trial. See, United States v. Alatorre, 222 F.3d 1098, 1102-03 (9th Cir. 2000).

There do not appear to be any other issues to be brought to the attention of the court prior to trial.

RESPECTFULLY SUBMITTED this 3rd day of February, 2006 at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Larry D. Card
LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

I declare under penalty of perjury that a true and correct copy of the
foregoing was sent to the following counsel
of record via electronic service on Feb. 3, 2006

Michael D. Dieni
Assistant Federal Defender

s/ Larry D. Card