DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-0115 (RRB) |
| Plaintiff, | ) | |
| vs. | ) | **OPPOSITION TO DEFENDANT"S MOTION TO SUPPRESS STATEMENTS TO OFFICER SMITH** |
| SANDRA ELAINE MITCHELL, | ) | |
| Defendant. | ) | |

COMES NOW the United States Attorney's Office, by and through Larry D. Card, Assistant U.S. Attorney, and hereby enters an opposition to defendant's motion to suppress statements made to Officer Smith after she had been detained for her bizarre behavior on December 10, 2005.

The facts surrounding the issues in this case have been thoroughly briefed to

the court in the government's oppositions to the defendant's other motions. Those facts shall be reincorporated, as if they were being again recited to save the court's time, and to help focus the court's attention on the issue raised by the defendant. Defendant contends that the defendant has the right (presumably under the 6th Amendment) to have the *Miranda* advisory read or recited to her, even though she was not being detained for a criminal matter, and no criminal charges had been contemplated at that time. The defendant cites *Disability Advocates, Inc. v. McMahon, 279 F. Supp. 158, 166 (N.D.N.Y. , 2003)* for support of her position.

In *Disability Advocates, Inc.,* the District Court held that the custodial detention of mentally ill persons constituted *"arrest."* In this case an individual subjected to a mental hygiene pickup brought an action under Americans with Disabilities Act (ADA) and the Rehabilitation Act alleging that state police criminalized mental hygiene pickups by treating or labeling them as arrests, thereby discriminating against persons with mental disabilities. The District Court held that the custodial detention did constitute arrest, but did not find any discrimination under the ADA and also held that detention did not violate due process, and granted the State's motion for summary judgment.

Defendant has cited the *Disability Advocates* case for the proposition that she was under arrest, and therefore since in custody, she should have her *Miranda*

rights read to her before the police can even ask her name and whether she is taking any medication, or having any other types of mental or physical problems. The defendant has not cited any cases holding that a person detained for mental health or safety purposes is under "arrest for a criminal offense," and therefore an officer must administer *Miranda* rights before asking questions unrelated to the prosecution of a criminal offense. In short, no 6th Amendment rights are attached to such an encounter in a non-criminal detention.

Defendant also fails to recognize that she is not being prosecuted for any drugs she had in her body, which is what she told Officer Smith about when he asked her, was she taking anything that may have been causing her to act bizarrely. Defendant is being prosecuted for all of the methamphetamine that she was carrying at the time the officers came upon her as a potential mental or physical health case.

In summary, the defendant's argument that *Miranda* applied at the time Officer Smith asked her if she was taking any medication or drugs is without support in either the law or logic. If police in their role as public servants had to give persons who they come into contact with who are appearing to be mentally or physically ill, a *Miranda* advisory, public health would suffer. Many times such people may be experiencing illusions or other perceptions of reality, which are not

real, and such persons clearly are a danger to themselves or others. *Miranda* does not go that far, and the defendant's argument that it should go that far should be rejected, and defendant's motion denied.

RESPECTFULLY SUBMITTED on this 7th day of February, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Larry D. Card
>LARRY D. CARD
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3699
>Fax: (907) 271-1500
>E-mail: larry.card@usdoj.gov
>AK Bar No. 8011068

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2006
a copy of the foregoing was served
via electronic notice:

Mike Dieni

Asst. Federal Public Defender

s/ Larry D. Card