DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-cr-0115-RRB |
| ) | |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S RESPONSE** |
| vs. ) | **TO DEFENDANT'S** |
| ) | **OBJECTIONS TO** |
| SANDRA ELAINE MITCHELL, ) | **RECOMMENDATIONS** |
| ) | **REGARDING MOTIONS TO** |
| Defendant. ) | **SUPPRESS** |
| ) | |

COMES NOW the United States Attorney's Office, by and through

Larry D. Card, Assistant U.S. Attorney, and hereby responds to defendant

SANDRA ELAINE MITCHELL's objections regarding the Magistrate Judge's

Recommendation Regarding Motions to Dismiss.

## *THE POLICE DID NOT VIOLATE THE DEFENDANT'S CONSTITUTIONAL RIGHTS BY LOOKING THROUGH HER BAGS SEARCHING FOR AN I.D. OR MEDICATION OR ANY CLUE AS TO WHY SHE WAS ACTING STRANGELY*

The defendant simply restates her prior arguments in her objections contending that the police had no right to "search" through her bags as they were taking her into protective custody.

Defendant concedes the law of "search incident to arrest," citing *United States v. Nohara*, 3 F.3d 1239 (9th Cir. 1993); and *United States v. Turner*, 926 F.2d 883, 887-88 (9th Cir. 1991). *Nohara* discusses the issue of property in the public domain, and how a person has no reasonable expectation of privacy "in the hallway of a high security, high-rise apartment building." *Nohara, at 1241*. *Turner* discusses the issue of search incident to arrest, citing *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034 (1969). When making a lawful arrest, police may conduct a warrantless search of the area within the arrestee's immediate control, that is, "the area from within which he might gain possession of a weapon or destructible evidence." *Turner, at 887,* citing, *Chimel v. California, 395 U.S. at 763.*

The "law" is noticeably absent from the defendant's objections, except to state in numerous ways that the facts do not support the Magistrate Judge's findings that the officers acted reasonably, when one applies the "totality of circumstances test ."  The standard of "reasonableness" when applied to the guidelines a peace officer must follow requires the officer(s) to make a subjective determination, which is later judged on an objective basis to determine if the officer(s) acted reasonably.  See *Beck v. Ohio, 361 U.S. 806, 116 S.Ct. 1769 (1996).*

Defendant seems to focus on "actual" mental instability, rather than a "probable cause to believe that a person is gravely disabled or is suffering from mental illness" as the standard for an officer's decision to take a person into protective custody.  Clearly, she is wrong.  If such a test were the standard, nothing less than a doctor's evaluation, which a person suffering from mental illness would never consent to, or be competent to consent to, would be the standard.

The facts do support the search of the defendant's bags incident to her initial detention.  First of all, it was reasonable for the officers to look through her bags for any type of identification or medication, and once she was arrested for the controlled substance possession, it was lawful for the officers to do what amounted to a cursory search of her bags for controlled substances (the subject of the arrest

or any type of weapon that she may have been concealing in the bags).

The defendant fails to discuss her actions and what caused a citizen to call out of concern for his family.  It was not just the observations of the officer, but of a citizen concerned for the welfare of his family who decided to call 911 and obtain police assistance.  The defendant spends her time arguing about the facts as they were testified to during her suppression hearing, and the fact that the government did not call one of the officers on the scene.  The constitution allows both parties to subpoena witnesses, and there is no basis for arguing that every person on the scene needs to be called for an evidentiary hearing or a trial for that matter.

The defendant makes constant reference to the *Maag* case, but the defendant fails to point that the 9th Circuit Court hearing *Maag* declined to "...determine the broad question of whether the seizure of Maag violated the fourth amendment's proscription against unreasonable seizures,...."  See *Maag v. Wessler, 960 F.2d 772, 773 (9th Cir. 1992)*.  Clearly here, as in *Maag*, the officers acted in "reasonable good faith" when they proceeded to take the defendant into protective custody, and subsequently arrest her when the controlled substances were found.

The totality of circumstances support the Magistrate Judge's findings and conclusions. The defendant's objections should be overruled and be denied.

RESPECTFULLY SUBMITTED on this 23rd day of March, 2006, in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Larry D. Card
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: larry.card@usdoj.gov
>Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2006,
a copy of the foregoing was served
via electronic service to:

Michael Dieni
Asst. Federal Public Defender

s/ Larry D. Card