**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SANDRA ELAINE MITCHELL,<br><br>Defendant. | 3:05-CR-00115-RRB-JDR<br><br>**FINAL RECOMMENDATION**<br>**REGARDING**<br>**MOTIONS TO SUPPRESS**<br><br>Documents 28, 29, 31, 33, 41 |

  Defendant Sandra Mitchell has timely filed objections to the magistrate judge's recommendation addressing her motions to suppress at docket entries 28 and 41.  *See*, docket entry 51.  The government filed a response at docket entry 58.  Upon due consideration of the objections the magistrate judge declines to modify the recommendation and makes the following comments in response to the objections.

  In her objections, Mitchell argues that the "initial arrest" occurred without probable cause to believe that she was an immediate danger to herself or others.  She

cites Maag v. Wessler, 960 F.2d 773 (9th Cir. 1992); Munday v. Oullette, 118 F.3d 1099 (6th Cir. 1997); and Glass v. Mayas, 984 F.2d 55, 57 (2d Cir. 1993).

In Maag, the Ninth Circuit Court of Appeals held that officers had probable cause to bring the patient into custody entitling them to qualified immunity in an action filed by Maag under 42 U.S.C. §1983 against three police officers for taking him into custody for a medical evaluation. The Ninth Circuit held that the seizure of one mentally ill is analogous to a criminal arrest and must therefore be supported by probable cause. 960 F.2d at 775.

Mitchell argues that the officers lacked probable cause to detain her on the evening of December 10, 2005. The "totality of the circumstances" test emphasizes that probable cause means "fair probability," not certainty or even a preponderance of the evidence. Illinois v. Gates, 462 U.S. 213, 246 (1983).

In her objections Mitchell has cited some but not all of the facts upon which the officers relied in deciding that Mitchell was a "11-38" case. (Code 11-38 signifies a mental person in police jargon.) Tr. of evidentiary hearing, docket entry 49, p.19. The transcript reflects the following facts which made it fairly probable that the defendant was gravely disabled or suffering from mental illness:

Citizen Kevin Thomas made the following observations: he first observed a female in the middle of the road late at night. Tr. 8-9. She seemed to be hiding and running from something, scared and upset. Tr. 9. She was holding a big bag close to her body. Tr. 11. The female later identified as Mitchell was going from yard to yard

in his neighborhood. Tr. 11. Her strange behavior caused the citizen to think that she was a danger to his family. Tr. 14. He called the police.

Officer Smith made the following observations: Mitchell was pacing in front of Officer Witte, flailing her arms. Tr. 18. She appeared agitated, kept looking over her shoulder and behind her although there was no one there. Tr. 19-20.

Detective Carson made the following observations: Mitchell yelled at the police to stay away from her. Tr. 41. Her hair was sticking straight up. Tr. 41. She was not wearing appropriate clothing for the weather. Tr. 41-42. She was so jittery that the officers could not tell whether she was cold. Officer Witte observed the following: Mitchell was yelling and told the officer that she was "Sandra Bullock." Tr. 44, 50, 51. She did not seem mentally stable. Tr. 53.

The officers decided to detain Mitchell and asked her if she had any mental health issues. Tr. 27. She was cuffed for her safety and the officers' safety. Tr. 42. She refused to identify herself. Tr. 35. The officers intended to take Mitchell to the Providence Psych ER or the Discovery unit for an evaluation. Tr. 19, 42. Although Mitchell's strange behavior at the time can now be explained as due to her smoking "too much meth" (in Mitchell's own words, Tr. 27), at the time of her detention she exhibited behavior that appeared to the officers to present a mental case. Tr. 48, 50. Mitchell was not detained for a commitment to a psychiatric institute, rather she was detained for evaluation pursuant to AS 47.30.705. Each case must be evaluated

on its own facts. Mitchell's behavior to the officers seemed like she might be paranoid. Tr. 20.

The fact that she may not have threatened anyone with a gun as occurred in Glass v. Mayas, *supra*, or attempted to commit suicide as in Munday v. Oullette, is not determinative. As in Maag, there is nothing in the record to indicate the officers acted with less than reasonable good faith. Their attention to Mitchell was occasioned by the citizen request for police assistance. The officers appeared at the scene and made their own observations before deciding that the defendant's physical and mental condition warranted an evaluation as to whether she was suffering from mental illness and was likely to cause serious harm to herself or others. Once Mitchell was arrested for possessing controlled substances, it was reasonable for the officers to look through her bags for identification or medication. Wherefore, the initial detention was lawful and the motions to suppress should be denied. IT IS SO RECOMMENDED.

DATED this __24th__ day of March, 2006, at Anchorage, Alaska.

   /s/   John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge